FILED
11/18/20 1:32 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | | |
|---|---|---|---|---|
| In re: | : | Case No.: | 17-20518-GLT | |
| | : | Chapter: | 13 | |
| Kelly M. Haney | : | | | |
| | : | | | |
| | : | Date: | 11/18/2020 | |
| *Debtor(s).* | : | Time: | 10:00 | |

## PROCEEDING MEMO

**MATTER:**   #108 - Trustee's Objection to Debtor's Claim of Exemptions
         [Response due 11/2/2020]
         #112 - Response filed by Debtor
         #115 - Exhibit Filed By Debtor

**APPEARANCES:**
         Debtor:    Albert G. Reese
         Trustee:    Owen Katz

**NOTES:** (10:30)

Katz: We suspect that the (d)(11)(E) exemption is well taken. But due to the settlements size, we want to dot the "i"s. In looking through the documents of record we don't see where the lump sum was broken apart for lost wages and future medical costs. We wanted to ensure the medical costs portion is being escrowed, like we've seen before. That will impact what goes to the debtor and what's reasonably necessary. I'm also not sure the amended schedule I is accurate, it lists negative net income of $-329 per month. We suspect the debtor would be eligible for social security disability, we don't know when that money would be come available. It seems like she'd be eligible for $1,300/month in disability. If that's accurate, there would actually be positive income of at least $1,000/month.

Reese: Schedule I is accurate based on the debtor's income right now. She can't file for disability until the workers' compensation claim is closed, and her Social Security claim will take 1.5 to 2 years for the money to come in. At this juncture, the money is purely speculative. As of today, it appears the credit will be $54,119 for lost wages. The breakdown was based on the care she's received thus far. there's no Medicaid set aside.

Court: It's not a lump sum, the $39,000 has already been paid?

Reese: It's proportionate - $60,000 for lost wages, $39,000 for on future medical costs based on what her past expenses have been.

Court: There's no direct Medicare set aside?

Reese: Correct

Court: Where is the money and who's holding it?

Reese: It will all go to the debtor.

Court: And it's based on a projection of what her future medical will be, but it's still in her hands and would be used as she sees fit?

Katz: Looking at the amended schedule I, the debtor is showing a monthly deficit, I'm hearing that the debtor might be eligible for social security in two years. That comes out to be a $8,000 deficit in the next two years ($330 x 24). So that's an excess of about $90,000 that's necessary for her support.

Reese: She's not getting $100,000. She's receiving $2,000 a month and the $100,000 amount will also be reduced by plan payments. She's in month 45 of 60.

Court: This is a factual issue of what her future medical costs will be and what is reasonably necessary for her support. The Debtor made averments as to her age, the existence of a dependent, and other items, but unless those are stipulated, I will need a record upon which to make a ruling. Although I prefer to have in-person evidentiary hearings, given the nature of the issue, I am content to schedule this by Zoom. I will encourage the parties to exchange information. I'll issue a scheduling order. We will have a preparatory trial dry run to ensure everyone is comfortable with the technology.

**OUTCOME:**

1. Trustee's *Objection to Debtor's Claim of Exemptions* [Dkt. No. 108] is set for EVIDENTIARY HEARING [Chambers to Issue Scheduling Order]

**DATED:** 11/18/2020