FILED
11/20/20 11:38 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 17-20518-GLT |
| | : | Chapter 13 |
| **KELLY M. HANEY,** | : | |
| *Debtor.* | : | |
| | : | |
| **RONDA J. WINNNECOUR, in her Official Capacity as Chapter 13 Trustee**, | : | |
| | : | Related to Dkt. Nos. 108 and 112 |
| *Movant,* | : | |
| v. | : | |
| **KELLY M. HANEY,** | : | |
| *Respondent.* | : | |

### ORDER (A) SETTING DISCOVERY AND PRETRIAL DEADLINES AND (B) ESTABLISHING ZOOM EVIDENTIARY HEARING DATE

For the reasons stated on the record at the November 18, 2020 hearing, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that:

1. A video evidentiary hearing ("Hearing") on the chapter 13 trustee's *Objection to Debtor(s) Amended Exemptions* [Dkt. No. 108] and the Debtor's *Response* [Dkt. No. 112] is set for **February 26, 2021** at **10 a.m.** Only two hours have been set aside for this matter. Due to the ongoing public health crisis, the Hearing shall be held entirely by video. This includes the remote examination of witnesses, which is permissible under Federal Rule of Civil Procedure 43(a), made applicable herein by Federal Rule of Bankruptcy Procedure 9017, "[f]or good cause in compelling circumstances and with appropriate safeguards[.]

2. On or before **January 18, 2021**, the following shall be completed:

a. The parties are directed to jointly file:[1] (i) a *Joint Exhibit List* identifying all exhibits each party will offer at the evidentiary hearing; and (ii) a *Joint Stipulation of Facts* identifying all undisputed facts on which the Court may rely when rendering its decision and identifying any material facts which remain in dispute (after conducting a meet and confer with each other either digitally or in person). Objections to an exhibit must be referenced on the *Joint Exhibit List*. Exhibits that do not have an objection listed on the *Joint Exhibit List* will be admitted without further testimony. Any objections identified on the *Joint Exhibit List* will be resolved by the Court prior to the admission of the contested exhibit. No documents other than those listed as proposed exhibits on the *Joint Exhibit List* will be admitted at the time of the evidentiary hearing unless counsel shows cause for their prior nondisclosure. The mere inability to timely locate documents shall not constitute cause.

b. The parties are directed to separately file: (i) a *Witness List*; (ii) all *Exhibits* proposed to be introduced at trial; (iii) all *Expert Reports* (including a color copy of appraisal(s)), if any; and (iv) a *Pretrial Memorandum* identifying any issues of law and contested issues of fact.

Each party's exhibits shall be compiled into a single pdf document with continuous bates numbering (i.e. numbering shall not restart with each document and there shall not be a cover page to the compiled document. The first page of the compiled document must be bates stamped "Page 1" and the final page of the combined document must have a bates stamp matching the number of pages of the document as a whole). Each party shall file their compiled exhibits on the docket with the label "[Party Name]'s Exhibits for [Date] Hearing." The intent behind this

---

[1] It is the responsibility of the moving party to file the *Joint Stipulation of Facts* and *Joint Exhibit List*. All other documents shall be separately filed by the parties.

2

instruction is to create a single location for each party's exhibits for ease of reference for all Hearing participants. As the Court will be the party "sharing" the referenced documents via Zoom during the Hearing, compliance with exhibit filing instructions is essential to the smooth and efficient presentation of exhibits. To the extent the volume of exhibits is too large for a single pdf filing, parties may make additional docket entries (ex. "[Party Name]'s Exhibits for [Date] Hearing – Part II"). The bates numbering of the additional entries shall be continuous from the prior docket entry. At least **seven (7) days before the Hearing**, counsel (or the party if pro se) shall ensure that all of its witnesses have been supplied with a copy of the exhibits and file a confirmatory status report.

3. A final video pretrial conference is set for **February 10, 2021** at **11:30 a.m.** for the purpose of formulating a plan for trial (including facilitating the admission of evidence), resolving any disputes that may have arisen during preparation for trial, and adjudging evidentiary matters. The parties also shall be prepared to discuss settlement at the final pretrial conference. Lead trial counsel for each party must attend the final pretrial conference.

4. **Registration of Zoom Users:** To allow the Court to properly plan for the Hearing, on or before **February 18, 2021** at **12 p.m.** each party must register with the Court all persons (i.e. counsel, witnesses, party representatives) who wish to attend the Hearing via Zoom. Registration is made by e-mailing a list containing each person's name, relationship to the party, and role in the Hearing to Gwenyth Gamble Jarvi, Esq. at gwenyth_gamblejarvi@pawb.uscourts.gov. Registration information shall also include from what type of device each person will be connecting. This information will be used only for purposes of identifying incoming participants to the Zoom session and will not be made public. In order to optimize the use of Zoom, the Court requires that, if possible, counsel limit requests for Zoom

participation to one attorney per law firm. All counsel expecting to question a witness shall attend via Zoom.

5. **Access to Zoom Hearing:** No later than twenty-four (24) hours prior to the Hearing, a representative of the Court will e-mail counsel (or if a party is pro se, the party) a link to access the Zoom "meeting room." Counsel shall be responsible for distributing the link to any witnesses or other Hearing participants previously registered by the party counsel represents. If counsel has not received the link by the designated timeframe, counsel shall contact Chambers. Before contacting Chambers, however, counsel shall check their "junk" and "spam" folders.

6. **Use of Zoom:** The Hearing shall be conducted remotely using Zoom. All parties (including counsel and witnesses), as well as the Court shall participate in this manner.

7. **Zoom Hearing Attire and Surroundings:** Appropriate business professional courtroom attire is required for counsel and all parties participating in the Hearing. Participants should also be mindful of their background so as to not distract or detract from the court proceedings. Virtual backgrounds are permitted solely to the extent that it involves a solid, neutral background. To prevent image distortion, participants should refrain from having a large light source (i.e. windows) directly behind them.

8. **Zoom Instructions:** For the purpose of ensuring a smooth and efficient hearing, prior to the date of the Hearing all Hearing participants (including counsel and witnesses) shall review the following information in order to familiarize themselves with the use of Zoom:

    a. **Hardware:** Zoom is compatible for use on mobile devices (such as a smartphone or tablet) or personal computer (laptop or desktop) which have a camera and microphone. If you plan on using a mobile device for the Hearing, it must be placed in a non-movable stand;

    b. **Installation/Update of Zoom:** To participate you need to install the Zoom app on your smartphone/tablet or install the Zoom software on a Windows or Mac laptop/desktop. If you already have Zoom installed on the device you are using for the Hearing, you must ensure the application is updated to the most recent version;

    c. **Testing Your Device:** All Hearing participants are required to test their device compatibility with Zoom requirements and their internet connection speed to ensure that it is at least 3 Mbps prior to the hearing date. Participants can conduct such tests at https:www.zoom.us/test. Tests must be conducted on the same device that will be used to participate in the Hearing;

    d. **Using Zoom:** For additional assistance using Zoom, please consult the Zoom "Help Center" at https://support.zoom.us/hc/en-us which offers "quick start guides" and video tutorials; and,

    e. **Screen Mode:** Parties are expected to view the Hearing using the "Speaker View" mode.

  9. **Witnesses:** In addition to the registration of witnesses as Zoom participants under paragraph 7 above, no later than **February 7, 2021** at **12 p.m.** each party shall file on the docket the following information for each witness:

    a. The name and title of the witness;

    b. The general topic(s) of the witness's testimony;

    c. The geographical location of the witness (city, state, country);

    d. The type of location from which the witness will testify (ex. residence, office, etc.). For privacy reasons, **do not include an exact address**;

      e.    Witnesses must be alone in the room when they testify unless the Court, for good cause, has previously authorized other individuals to be present. To the extent a witness must be accompanied by another person during their testimony, the statement must identify that person (name/title/relationship) and the purpose of their presence; and,

      f.    Which exhibits, if any, the party expects to utilize during examination of the witness.

      The parties are further directed that witnesses must appear on the video from the waist up and must remain stationary during the entirety of their testimony.

      10.    **Recording the Hearing:** Other than the Court, no participant may record any part of the hearing, whether by use of the video conferencing recording capabilities, third-party applications, photographs, screenshots, or by any other means.

      11.    **Minimization of Noise Interference:** While the Court certainly understands the need to conduct work out of informal workspaces due to the ongoing global health crisis, the Court requires that all Zoom participants make a concerted effort to minimize all background noise and shall silence any devices that may make noise (e.g., telephones, cell phones, messaging and email alerts). All parties are responsible for the quality of their audio connection, and to that end, the Court strongly recommends that participants wear a corded headset with a microphone during hearings and speak slowly. Should participants choose to use a wireless device, such as AirPods or Bluetooth-enabled devices, they must remain in close proximity to the connection source and avoid movement that would interfere with the signal. The Court cannot rely on a legal argument it cannot hear.

      12.    In addition to the instructions set forth in this *Order*, the parties shall comply with the Court's *Local Rules* (which can be found at http://www.pawb.uscourts.gov/local-rules-

effect-june-15-2017), including the pretrial forms provided therein; with Judge Taddonio's *General Procedures* (which can be found at http://www.pawb.uscourts.gov/procedures-2), and with Judge Taddonio's *Modified Procedures for Remote Participation* (effective October 1, 2020), (which can be found at http://www.pawb.uscourts.gov/sites/default/files/pdfs/glt-proc-appearances.pdf).

13. The failure of any party to comply with the terms of this *Order* may result in the imposition of sanctions, including without limitation the prohibition against such party from offering testimony at the Hearing and/or the entry of judgment against them.

14. Summary of applicable deadlines:

| | |
|---|---|
| Pretrial Submissions due | **January 18, 2021** |
| Witness List due | **February 7, 2021** at **12 p.m.** |
| Final Pretrial Conference | **February 10, 2021** at **11:30 a.m.** |
| Zoom Registration due | **February 18, 2021** at **12 p.m.** |
| Evidentiary Hearing | **February 26, 2021** at **10 a.m.** |
| **\*\*IMPORTANT NOTICE\*\*** *This table has been provided for the convenience of the parties and does not list of all deadlines by which a party must act under the applicable Federal Rules of Bankruptcy Procedure or this Order.* ***READ THIS ORDER CAREFULLY*** | |

Dated: November 20, 2020

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to mail to:
Debtor

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 17-20518-GLT |
| Kelly M. Haney | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: dpas | Page 1 of 2 |
| Date Rcvd: Nov 20, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2020:**

**Recip ID        Recipient Name and Address**
db              + Kelly M. Haney, 7 Barton Drive, Pittsburgh, PA 15221-2517

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2020           Signature:       /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2020 at the address(es) listed below:

**Name**              **Email Address**

Albert G. Reese, Jr.
                      on behalf of Debtor Kelly M. Haney areese8897@aol.com
                      agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com

Brian Nicholas
                      on behalf of Creditor Wells Fargo Bank  National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2005-HE5, Mortgage Pass-Through Certificates, Series 2005-HE5 bnicholas@kmllawgroup.com

Office of the United States Trustee
                      ustpregion03.pi.ecf@usdoj.gov

Peter J. Ashcroft
                      on behalf of Creditor Duquesne Light Company pashcroft@bernsteinlaw.com
                      ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com

Ronda J. Winnecour
                      cmecf@chapter13trusteewdpa.com

District/off: 0315-2      User: dpas      Page 2 of 2
Date Rcvd: Nov 20, 2020      Form ID: pdf900      Total Noticed: 1

S. James Wallace
    on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com

Thomas I. Puleo
    on behalf of Creditor Wells Fargo Bank  National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2005-HE5, Mortgage Pass-Through Certificates, Series 2005-HE5 tpuleo@goldbecklaw.com, BKGroup@goldbecklaw.com

TOTAL: 7